THE STATE *ex rel.* BAILEY, ORDWAY & CO. *v.* P. L. NICHOL *et al.*

PLEADINGS AND PRACTICE. *Suit on official bond.* An individual cannot bring suit upon the official bond of a clerk, to account for revenue, for a wrong done him by the clerk. The bond is given to the State to enforce the performance of official duties and to indemnify the public against delinquency.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson county. N. BAXTER, J.

42—VOL. 8.

W. HUGHES for Bailey, Ordway & Co.

A. L. DEMOSS for Nichol.

FREEMAN, J., delivered the opinion of the court.

This is an action brought on the official bond of Nichol, as clerk of the county court of Davidson county, against him and the sureties on said bond, on the following facts:

The plaintiffs were merchants in the city of Nashville, and as such were required by law to obtain license on the privilege of merchandising under our statutes. They tendered to the clerk, on his demanding the sum due, the amount in what is known as "old issue" of the Bank of Tennessee, which was refused, with a threat to close up their business house by a distress warrant levied on their stock, unless the amount, about $6,000, was paid in greenbacks or money. Thereupon plaintiffs paid under protest, and in November, 1872, brought this suit to recover the difference in value between Tennessee money and greenbacks, the Tennessee bank notes only being worth at date of the tender $1,900.

The suit is brought solely and alone on the official bond of Nichol, and in the name of the State of Tennessee for the use of the plaintiffs.

The condition of the bond set out in the first count, (the breach of which is made the basis of this action), is as follows—after reciting the fact of said Nichol's election to the office of clerk—"now if the said P. L. Nichol, as clerk aforesaid, should well and

truly and faithfully account and pay over to the treasurer of the State of Tennessee all the State revenue collected by him, at the time required by law, and should in all things discharge his duties in relation thereto, then to be void, etc."

The second count is on the same bond, and stands substantially on the same ground, that is, breach of official duty, by refusing to receive the Tennessee bank notes.

A demurrer was filed, raising the question as to liability of the defendants on the bond aforesaid, which was overruled. Whereupon several pleas were filed, which we need not notice. The case was heard before a jury, and under the instructions of his Honor, the circuit judge, a verdict rendered in favor of defendants, from which an appeal in error is prosecuted to this court.

We take it, but one question need be considered, that is, the one raised by the demurrer—though we do not find it alluded to in the brief of counsel filed with the record. The question whether these parties can recover on the official bond of the clerk on the facts we have stated, we think can hardly admit of any but a negative answer.

The bond is given to the State; is intended to enforce the performance of official duties, and to indemnify the public against official delinquency. Such is the plain meaning of its terms, and from the nature of the case, unless otherwise directed by statute, would be its object. It certainly was not intended to be operative in favor of individual citizens for any wrong done to them by the officer.

The State in this case does not complain of his act, it was for its benefit. He may have violated the rights of the citizen, but certainly has not given any cause of suit on his official bond in his favor by such act.

We need not enlarge on this point. It is enough that the demurrer should have been sustained, and the case dismissed. In not doing so, his Honor erred. The fact that the parties have gone on to trial, after demurrer overruled, can make no difference, as the demurrer goes to the merits, and under no proper charge could a verdict in favor of plaintiffs have been sustained.

Affirm the judgment.